UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CUNNINGHAM, | ) | CASE NO. 1:23-cv-1302 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| v. | ) | |
| | ) | |
| | ) | |
| USPS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

I.  **BACKGROUND**

On June 30, 2023, *pro se* plaintiff Anthony Cunningham filed a complaint against the United States Postal Service and four of its managers: Ronald Smith, Gary Bush, Edward Hanks, and Paggie Matlock. (ECF No. 1). On October 18, 2023, the Court *sua sponte* dismissed the complaint for failure to state a claim. (ECF No. 6). The Court found that the complaint failed to meet the basic pleading requirements because: (i) the complaint consisted largely of unexplained exhibits; (ii) the few statements in the complaint were disjointed, incoherent, and failed to provide a clear picture of the facts underlying Plaintiff's cause of action; and (iii) the complaint failed to identify the basis for the alleged discrimination or the underlying conduct related to that discrimination. (*Id.* at PageID #94). The Court provided Plaintiff with 30 days to amend his complaint to set forth a cognizable claim and warned him that a failure to file a legally sufficient amended complaint would result in dismissal of this action. (*Id.* at PageID # 95).

On October 23, 2023, Plaintiff filed an amended complaint. (ECF No. 7). The amended complaint was two pages in length and only cited Fed. R. Civ. P. 8(a)(2), Fed. R. Evid. 902, and a Chapter 13 Bankruptcy case as authority and support for this action. (*Id.* at PageID # 96–97). The amended complaint alleged the facts of the case and the cause of action in a single sentence, stating:

1

"The USPS, Ronald Smith, Edward Hanks, Gary Bush, [and] Paggie Matlock conducted illegal interviews to block Plaintiff Anthony Cunningham from upper mobility [and] thus cause[d] horrendous financial distress [and] force[d] [him] into a Chapter 13 Bankruptcy from Dec[.] 2015 to June 2021." (*Id.* at PageID #97). The amended complaint had two exhibits which related to a Chapter 13 Bankruptcy proceeding involving Plaintiff that was initiated in 2015. (ECF Nos. 7-1, 7-2).

## II. DISCUSSION

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *El Bey v. Roop*, 530 F.3d 407, 417 (6th Cir. 2008). This lenient treatment generally accorded *pro se* pleadings, however, "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The complaint must contain more than bare assertions of legal conclusions; it must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). "And the complaint's factual allegations, taken as true, 'must be enough to raise a right to relief above the speculative level.' That means the complaint must allege facts supporting an inference that the defendant's liability is plausible, rather than just possible." *Hardwick v. 3M Co. (In re E.I. du Pont de Nemours)*, 87 F.4th 315, 320 (6th Cir. 2023) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 444, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Payne v. Sec'y of the Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *Beaudett*

*v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985) (determining that district courts are not required to conjure questions never squarely presented to them or to construct claims from sentence fragments). To do so would require "[the] courts to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278 (citation omitted).

Plaintiff's amended complaint suffers from the same pleading deficiencies that led to the dismissal of the original complaint. The amended complaint fails to set forth the specific claim that Plaintiff wishes to assert against Defendants. Although the civil cover sheet indicates that Plaintiff is suing for discrimination under Title VII, the pleadings fail to provide sufficient facts to support the discrimination claim, identify the precise underlying conduct, and give Defendants the requisite fair warning of the claim against them. The single sentence provided in the amended complaint is patently insufficient and there is no explanation as to how the attached exhibits concerning Plaintiff's past bankruptcy are relevant to the instant case. Moreover, the amended complaint contains no request for relief.

The Court finds that leave to amend is unwarranted in this instance. The Supreme Court has held, "repeated failure to cure deficiencies by amendments previously allowed . . . and futility of amendment" are sufficient reasons for a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Plaintiff already had an opportunity to amend his complaint and he was unable to cure the deficiencies identified in the Court's previous order nor did he otherwise bring the pleadings closer to the realm of sufficiency. *See Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 273 (6th Cir. 2018) (holding that a district court did not abuse its discretion in

denying leave to amend where the plaintiff failed to take advantage of the opportunity "to add facts and context that might nudge its complaints across the plausibility threshold, . . .").

## III. CONCLUSION

For the foregoing reasons, Plaintiff Anthony Cunningham's amended complaint (ECF No. 7) is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**. All pending motions are **DENIED AS MOOT** and this action is closed.[1] Pursuant to 28 U.S.C. §1915(a)(3), the Court **CERTIFIES** that an appeal of this matter could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: April 9, 2024

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

---

[1] After filing the amended complaint, Plaintiff filed seven different motions for default judgment against the various defendants. (ECF Nos. 8–12, 19, 21). Even if these motions were not rendered moot by the dismissal of this action, they would otherwise have been denied because: (i) it is unclear from the record whether most of the defendants were properly served; and (ii) the motions were otherwise procedurally improper, as Plaintiff failed to first request an entry of default from the Clerk of Courts. *See Ruff v. Autovest, L.L.C.*, No. 2:22-CV-03362, 2023 U.S. Dist. LEXIS 97945, at *1-3 (S.D. Ohio June 5, 2023) ("First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Only then may the plaintiff motion the court for default judgment. Fed. R. Civ. P. 55(b)."); *Hulec v. J.H. Bennett & Co.*, No. 1:14-CV-00492, 2014 U.S. Dist. LEXIS 87100, at *2-3 (N.D. Ohio June 25, 2014) (same).